942 So.2d 467 (2006)
Quentin LAWRENCE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1003.
District Court of Appeal of Florida, Fourth District.
November 29, 2006.
*468 Russel J. Williams, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Sr. Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
In affirming the trial court's reading of a statute, we write to explain an issue of first impression.
While driving a four-door Acura, defendant was stopped in the early morning by a deputy who saw what he thought were windows with illegal tinting. He placed a tint meter on the passenger-side door window in the rear seating compartment, which yielded a reading outside the permitted range established in section 316.2954.[1] As a result of the stop, defendant was also charged with driving while his license had been revoked and for possession of cannabis, in addition to the improper equipment citation issued for the window tint violation.
Defendant filed a motion to suppress, claiming he was unlawfully stopped. He argued that section 316.2954 did not restrict tinting on the passenger-side window in the rear seating compartment. The trial court disagreed and denied the motion. Defendant argues on appeal that the statutory interpretation was error.
Defendant points out that another statute limits window tinting on all windows forward of, or adjacent to, the operator's seat. § 316.2953, Fla. Stat. (2005). Defendant then leaps from that observation to argue that the statutory text "behind the driver" in section 316.2954 does not encompass the window located in the rear-seating compartmentthe one behind the passengerbecause it is not in a straight line behind the driver. We do agree that the windows in the rear seating compartment are outside of the section 316.2953 definition because they are neither forward of nor adjacent to the driver's seat.
The two statutes must be read together, for they were meant to cover all windows in a vehicle. The text of section 316.2954(1) refers to "any windows behind the driver." [e.s.] All door windows in the rear-seating compartment of this vehicle are necessarily (in varying angles) behind the driver if they are neither forward of nor adjacent to the driver's seat. The text in section 316.2954(1) was meant to include all windows in the vehicle rearward of the driver, whether on the doors or in the middle rear of the vehicle. We find no error in the trial judge's reading of this text.
Affirmed.
GUNTHER and GROSS, JJ., concur.
NOTES
[1] "A person shall not operate any motor vehicle on any public highway, road, or street on which vehicle any windows behind the driver are composed of, covered by, or treated with any sunscreening material, or other product or material which has the effect of making the window nontransparent or which would alter the window's color, increase its reflectivity, or reduce its light transmittance. . . ." § 316.2954(1), Fla. Stat. (2005).